UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

FERNETTA MASON, Individually and as
The Administratrix and Personal Representative
Of the Estate of RICKEY LAMONT MASON,
on behalf of beneficiaries FERNETTA MASON
and minor children RM and EG

                  Plaintiff

vs.

SEALIFT INC.,

                  Defendant

CV: 11-0083

**AMENDED COMPLAINT**

Plaintiff Demands
Trial by Jury

---

### ACTION UNDER SPECIAL RULE FOR SEAMEN TO SUE WITHOUT SECURITY OR PREPAYMENT OF FEES

Plaintiff Fernetta Mason, Individually and in her capacity as the Personal Representative and Administratrix of the estate of Rickey Lamont Mason, respectfully states and alleges upon information and belief:

### JURISDICTION

1. Jurisdiction is predicated under 28 U.S.C. Section 1331 pursuant to the Jones Act 46 U.S.C. Section 30104, Death on the High Seas Act 46 U.S.C. Section 30302 and under 28 U.S.C. Section 1333 general maritime and admiralty law.

2. That venue is proper in this District pursuant to 28 U.S.C. §1391 in that Defendant Sealift, Inc. ("Sealift") was and is a corporation licensed to and/or doing business in the State of New York, located within the Judicial District in which this action is brought.

{N0310358.1 }

## PARTIES

3. Plaintiff Fernetta Mason was married to the decedent Rickey Lamont Mason and brings this action on behalf of the estate of Rickey Lamont Mason in her capacity as Administratrix of the estate on behalf of the beneficiaries including Rickey Lamont Mason's children and herself, as personal representative of the estate and on her own behalf individually.

4. Defendant Sealift was and is a corporation licensed to and/or doing business in the State of New York.

## FACTS

5. Sealift owned the MV MARILYN.

6. Sealift operated the MV MARILYN.

7. Sealift managed and controlled the MV MARILYN

8. Sealift hired the crew of the MV MARILYN.

9. Decedent Rickey Lamont Mason, a U.S citizen, was in the employ of Sealift in the capacity of a seaman and member of the crew of the MV MARILYN.

10. In January of 2008, Rickey Lamont Mason became very ill while serving in the employ of Sealift and as a steward assistant crew member on the MV MARILYN at sea.

11. Rickey Lamont Mason was then taken to a Tampa General Hospital on January 16, 2008, where he was diagnosed with Legionnaire's Disease.

12. On or about February 26, 2008, Rickey Lamont Mason died in Tampa, Florida as a result of Legionnaire's Disease contracted earlier while working on the MV Marilyn.

13. At the time Rickey Lamont Mason was serving on the MV MARILYN, the ship was unfit in that it was rusty and ragged with airborne fibers and flakes continuously falling

into berthing quarters, and the ship otherwise contained airborne and waterborne bacteria that endangered the crew and Rickey Lamont Mason.

14. The berthing quarter's conditions on the MV MARILYN provided poor ventilation.

15. The decedent's position also required him to work with the ship's cooler which may have also held dangerous bacteria, resulting from old and poorly maintained pipe work and cooling systems.

16. The delay in the diagnosis of the decedent's condition on the ship may have further exacerbated his condition, leading to his death.

17. The acts and/or omissions above rendered the MV MARILYN unseaworthy.

## AS AND FOR A FIRST CAUSE OF ACTION

18. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 17 of the Complaint, inclusive with the same force and effect as though said paragraphs were fully set forth at length herein.

19. The wrongful acts, negligence and defaults of the defendant Sealift all occurred more than one marine league from the shores of any state or territory of the United States.

20. As a result of the wrongful death of the decedent, plaintiff individually and the beneficiaries of the estate, including decedent's two minor children RM and EG, have sustained loss of support, loss of services, loss of inheritance and other pecuniary losses.

21. In the event that a court concludes the decedent was exposed to conditions that occurred within state waters, then the plaintiff asserts this action as a general maritime wrongful death action applicable in territorial waters.

{N0310358.1 }

WHEREFORE, plaintiff demands judgment against the defendant in an amount that constitutes fair and just compensation for the pecuniary loss sustained by the beneficiaries, in an amount to be determined at trial together with costs and disbursements of this action.

Dated:     New York, New York
           March 15, 2011

                              LONDON FISCHER LLP

                         By:  _____
                              Benjamin L. Schiffman (BS 9721)
                              Attorneys for Plaintiff
                              FERNETTA MASON
                              59 Maiden Lane
                              New York, NY 10038
                              (212) 972-1000

TO:

SEALIFT INC.
68 W Main St
Oyster Bay, New York, 11771-2211

{N0310358.1 }