UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
FERNETTA MASON, Individually and as
The Administratrix and Personal Representative
of the Estate of RICKEY LAMONT MASON,
on behalf of beneficiaries FERNETTA MASON and
minor children RM and EG.

                          Plaintiff,

  - against –

SEALIFT INC., SEALIFT LLC, REMINGTON
SHIPPING, LLC AND REMINGTON SHIPPING
INC.

                          Defendant
-------------------------------------------------------------X

**11 Civ. 0883(JBW)(MDG)**

**ANSWER TO SECOND**
**AMENDED COMPLAINT**

      Defendants, Sealift Inc., Sealift LLC and Remington Shipping, LLC (sued herein as Remington Shipping, LLC and Remington Shipping Inc.) by their attorneys Hill, Betts & Nash LLP, as and for their Answer to the Second Amended Complaint herein alleges upon information and belief as follows:

      1.    Deny knowledge or information sufficient to form a belief as to the truth or veracity of the allegations contained in paragraph 1 of the Second Amended Complaint and defer all conclusions of law to the Court.

      2.    Deny the allegations contained in paragraph 2 of the Second Amended Complaint, except admit that Defendant Sealift, Inc. was and is a corporation licensed to and/or doing business in the State of New York and Remington Shipping LLC is a limited liability company with a place of business in the Statement of New York.

      3.    Deny knowledge or information sufficient to form a belief as to the truth or veracity of the allegations contained in paragraph 3 of the Second Amended Complaint.

4. Admit the allegations contained in paragraph 4 of the Second Amended Complaint.

5. Deny the allegations contained in paragraph 5 of the Second Amended Complaint.

6. Deny the allegations contained in paragraph 6 of the Second Amended Complaint.

7. Deny the allegations contained in paragraph 7 of the Second Amended Complaint.

8. Deny the allegations contained in paragraph 8 of the Second Amended Complaint.

9. Admit the allegations contained in paragraph 9 of the Second Amended Complaint.

10. Deny the allegations contained in paragraph 10 of the Second Amended Complaint.

11. Deny the allegations contained in paragraph 11 of the Second Amended Complaint.

12. Admit the allegations contained in paragraph 12 of the Second Amended Complaint.

13. Deny the allegations contained in paragraph 13 of the Second Amended Complaint, except admits that Sealift Inc. was the managing agent of the M/V MARILYN in January 2008.

14. Deny the allegations contained in paragraph 14 of the Second Amended Complaint, except admits that in December 2007 and January 2008 Sealift Inc. hired the crew of the M/V MARILYN as agent.

15. Deny the allegations contained in paragraph 15 of the Second Amended Complaint, except admits that Plaintiff was a member of the crew of the M/V MARILYN in January 2008.

16. Deny the allegations contained in paragraph 16 of the Second Amended Complaint, except admit that Rickey Lamont Mason was a steward assistant crew member on the M/V MARILYN.

17. Deny knowledge or information sufficient to form a belief as to the truth or veracity of the allegations contained in paragraph 17 of the Second Amended Complaint.

18. Deny the allegations contained in paragraph 18 of the Second Amended Complaint.

19. Deny the allegations contained in paragraph 19 of the Second Amended Complaint.

20. Deny the allegations contained in paragraph 20 of the Second Amended Complaint.

21. Deny the allegations contained in paragraph 21 of the Second Amended Complaint.

22. Deny the allegations contained in paragraph 22 of the Second Amended Complaint.

23. Deny the allegations contained in paragraph 23 of the Second Amended Complaint.

24. Deny the allegations contained in paragraph 24 of the Second Amended Complaint.

25. Deny the allegations contained in paragraph 25 of the Second Amended Complaint.

26. Deny the allegations contained in paragraph 26 of the Second Amended Complaint and refer all conclusions of law to the Court.

27. Deny the allegations contained in paragraph 27 of the Second Amended Complaint.

## AS TO THE FIRST CAUSE OF ACTION

28. As and for its response to paragraph 28 of the Second Amended Complaint, Defendants repeat and reallege each and every admission, denial and response to paragraphs 1 through 27 of the Second Amended Complaint with the same force and effect as if fully set forth and repeated at length herein.

29. Deny the allegations contained in paragraph 29 of the Second Amended Complaint.

30. Deny the allegations contained in paragraph 30 of the Second Amended Complaint.

31. Deny the allegations contained in paragraph 31 of the Second Amended Complaint.

32. Deny the allegations contained in paragraph 32 of the Second Amended Complaint.

33. Deny knowledge or information sufficient to form a belief as to the truth or veracity of the allegations contained in paragraph 33 of the Second Amended Complaint and refer all conclusions of law to the Court.

## AS AND FOR A FIRST DEFENSE

34. If Plaintiffs' decedent was injured in the manner and for the reasons alleged in the Second Amended Complaint, which is denied, Plaintiff's decedent's injuries and demise were caused and or brought about in whole or in part by his own negligence, fault, or lack of care, or by the negligence, fault or lack of care of others for whose negligence, fault or lack of care, defendant is not responsible.

**AS AND FOR A SECOND DEFENSE**

35. The Second Amended Complaint fails to state a claim upon which relief may be granted on behalf of Fernetta Mason both individually and as administratrix and personal representative.

**AS AND FOR A THIRD DEFENSE**

36. To the extent Plaintiffs' decedent sustained any injuries or medical conditions that led to his death, such injuries or conditions existed, in whole or in part, prior to the incident alleged in the Second Amended Complaint.

**AS AND FOR A FOURTH DEFENSE**

37. If there is found to be any liability on the part of Defendants, which is denied, then Defendants' claim the benefit of the provisions of the Shipowner's Limitation of Liability Statutes 46 USC §30505 et seq.

**AS AND FOR A FIFTH DEFENSE**

38. Fernetta Mason does not have standing to represent the estate of decedent Rickey Lamont Mason.

**AS AND FOR A SIXTH DEFENSE**

39. This action should be dismissed on the basis of laches or the applicable statute of limitations.

**AS AND FOR A SEVENTH DEFENSE**

40. The Second Amended Complaint fails to state a claim upon which relief can be granted.

**AS AND FOR AN EIGHTH DEFENSE**

41. Whatever injuries plaintiffs' decedent may have sustained that led to his demise and whatever damages plaintiffs may have sustained at the time and place alleged in the Second

Amended Complaint were caused solely, or contributed to, by acts or omissions of third parties over whom Defendants exercised no control.

## AS AND FOR A NINTH DEFENSE

42. Whatever damages Plaintiffs' individually or jointly may have sustained, were caused in whole or in part by the acts negligence, lack of care, fault, or lack of care of the decedent, or by the negligence, fault or lack of care of others for whose negligence, fault or lack of care, defendants are not responsible.

WHEREFORE, Defendants demand judgment dismissing the Second Amended Complaint herein together with the costs and disbursements of this action and for such further and other relief as the Court deems just and proper.

Dated: New York, New York
August 23, 2011

                                            HILL, BETTS & NASH, LLP

                                            By:_____/S/_____
                                            Gregory O'Neill (GO 1944)
                                            Gordon S. Arnott (GSA 8612)
                                            *Attorneys for Defendants*
                                            One World Financial Center
                                            200 LIBERTY STREET, 26th Floor
                                            New York, New York 10281
                                            (212) 839-7000

To:    Kevin J. O'Leary
        Coughlin Betke LLP
        174 Federal Street
        Boston, MA 02110
        (617) 988-8050

        London Fischer LLP
        *Attorneys for Plaintiff*
        59 Maiden Lane
        New York, NY 10038
        (212) 972-1000